IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Muhammad Nasir, | : | |
| Plaintiff | : | Civil Action 2:10-cv-01003 |
| v. | : | |
| Asfa Ahad Shah, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Court on defendants' December 2, 2011 motion for an order dismissing this action and awarding attorney fees pursuant to Rule 37(b)(2) (doc. 22).

As of the date of defendants' motion, plaintiff had not complied with my November 10, 2011 Order granting defendants' motion to compel and for sanctions. *See* doc. 20. Plaintiff's counsel reported that his failure to comply with his discovery obligations was due to his daughter being diagnosed with a severe health condition. See, doc. 24, PAGEID # 135. Since the motion for an order dismissing this case was filed, plaintiff has provided additional documents and promised to provide other documents. Doc. 26, Ex. A, PAGEID # 160 and following. Based on a joint motion of the parties, the deadline for filing dispositive motions was extended.

Defendants seek dismissal of this action pursuant to Rule 37(b)(2)(A)(v). The Sixth Circuit has identified four factors which should be considered prior to dismissing

a case under Rule 37: (1)whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and, (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)(*citing Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1079 (6th Cir. 1990)). At this juncture, dismissal of the case based on plaintiff's failure to comply with his discovery obligations is not warranted. Plaintiff's failure to cooperate in discovery was not due to willfulness, bad faith or fault. Defendants have not shown that they were prejudiced by the delay, particularly given the extension of the deadline for filing dispositive motions. Finally, plaintiff was not previously warned that failure to cooperate could lead to dismissal.

     Defendants' December 2, 2011 motion for an order dismissing this action and awarding attorney fees pursuant to Rule 37(b)(2) (doc. 22) is DENIED. If defendants have not received the discovery that was the subject of my November 10, 2011 Order within fourteen (14) days of the date of this Order, counsel for defendants is DIRECTED to telephone my office (614.719.3370) to schedule a telephone status conference. Although further sanctions are not warranted at this time, more drastic sanctions, up to and including dismissal, will be imposed if plaintiff fails to cooperate with discovery in the future.

                                                s/ Mark R. Abel
                                                United States Magistrate Judge