IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Muhammad Nasir, | : | |
| Plaintiff | : | Civil Action 2:10-cv-01003 |
| v. | : | |
| Asfa Ahad Shah, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Magistrate Judge on plaintiff Muhammad Nasir's January 18, 2012 motion for a protective order and to quash any all subpoenas of his personal banking records (doc. 34).

Background. Plaintiff Muhammad Nasir brings this action against defendants Asfa Ahad Shad, Ahad Shah, and Ismat Arrus Shah. On February 2, 2009, Nasir and Asfa Shah were married. Prior to their marriage, Nasir lived in Pakistan. Defendant Asfa Shah petitioned for plaintiff's legal entry into the United States with the United States Citizen and Immigration Services ("USCIS"). In accordance with USCIS regulations, defendants signed affidavits of support, known as USCIS Form I-864 and Form I-864a. Defendants agreed to provide plaintiff with support necessary to maintain him at income that was at least 125 percent of the Federal Poverty Guidelines.  The

1

complaint alleges that defendants have failed to uphold their contractual obligation of support.

In their answer, defendants assert that they are entitled to set offs against plaintiff's claims.

<u>Arguments of the Parties</u>. Plaintiff seeks a protective order concerning his personal banking records that were improperly obtained by defendants and to quash the subpoenas duces tecum issued to JPMorgan Chase Bank, KEMBA Financial Credit Union and Key Bank for documents relating to plaintiff. Plaintiff maintains that his personal banking statements are not relevant to this case. Plaintiff argues that defendants are attempting to invade his privacy, intimidate him, and cause emotional harm. He maintains that the subpoenas are overly broad and seek detailed personal and financial information.

Defendants argue that plaintiff's motion is simply another attempt to unduly and unreasonably delay discovery and obstruct their access to relevant information. Defendants first sought plaintiff's banking and financial account records in their June 9, 2011 discovery requests. On November 10, 2011, the Magistrate Judge ordered plaintiff to produce the documents. Despite subsequent efforts to obtain the discovery, plaintiff has still not produced any banking or financial account statements.

Defendants maintain that plaintiff's counsel was properly notified of the subpoenas in question, but he made no effort to confer with defendants' counsel to

resolve the matter prior to filing this motion. By the time the motion was filed, the deadline for complying with the subpoena had passed.

Defendants further argue that plaintiff has failed to meet the procedural and substantive requirements for a protective order. Plaintiff fails to meet his burden of demonstrating good cause for the issuance of a protective order. Conclusory statements cannot establish good cause. Defendants also argue that plaintiff's motion to quash the subpoena is untimely.

<u>Discussion</u>. The bank and financial records sought by defendants are clearly relevant to their defense of setoff. Plaintiff has failed to articulate any particular and specific harm that he will suffer as the result of defendants' possession of his bank and financial account records. Furthermore, plaintiff failed to exhaust extrajudicial means to resolve this dispute prior to filing his motion as required by Rule 37.1 of the Southern District of Ohio Civil Rules. Consequently, plaintiff Muhammad Nasir's January 18, 2012 motion for a protective order and to quash any all subpoenas of his personal banking records (doc. 34) is DENIED. Plaintiff is ORDERED to pay defendants' reasonable expenses incurred in opposing the motion, including their attorney fees pursuant to Rule 37(a)(5)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the

Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

                                              s/ Mark R. Abel
                                              United States Magistrate Judge