IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Muhammad Nasir, | : | |
| Plaintiff | : | Civil Action 2:10-cv-01003 |
| v. | : | |
| Asfa Ahad Shah, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Opinion and Order

This matter is before the Court on defendants Asfa Ahad Shah, Ahad Shah, and Ismat Arrus Shah's April 1, 2013 motion for summary judgment (doc. 65) and plaintiff Muhammad Nasir's April 1, 2013 motion for summary judgment (doc. 66).

### I. Background

In 2009, plaintiff Muhammad Nasir, a physician, sought legal entry into the United States. For Nasir to obtain entry, his sponsors–his fiancé and her family–were required to execute I-864 Affidavits of Support, contractually agreeing to provide Nasir "any support necessary to maintain him . . . at an income that is at least 125 percent of the Federal Poverty Guidelines for his . . . household size . . . ." Doc. 1-1, PageID # 12. Nasir brings this lawsuit alleging that his now ex-wife Asfa Ahad Shah and her parents, Ahad Shah and Ismat Arrus Shah, breached that contract.

The affidavit of support is a requirement of 8 U.S.C. § 1183a. That statute provides that a sponsor must agree "to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line . . . ." The purpose of the statute is to insure that the legal residents do not have to depend on public benefits for their support. 8 C.F.R. § 213a.2(c)(2). To that end, the affidavit provides that the sponsor's "income and assets may be considered ('deemed') to be available [to the intending immigrant] in determining whether he . . . is eligible for certain Federal means-tested public benefits . . . ." Consequently, "household size includes the sponsor, the sponsor's spouse and all the sponsor's children," and "household income . . . includes the income of the sponsor, and of the sponsor's spouse . . . ."

**II. Arguments of the Parties**

**A. Defendants' Motion for Summary Judgment**

Defendants argue that there are no issues of material fact and that they are entitled to judgment as a matter of law because plaintiff is entitled to no more than $1,396.50 in support from defendants for calendar year 2012 and they have tendered this amount to him.

Defendants maintain that plaintiff received $2,508.26 in income from The Ohio Statue University. Defendant also received a total of $10,105.00 in unemployment compensation income during 2012. Defendants maintain that plaintiff received at least $12,613.26 in income in 2012. Defendants are required to maintain plaintiff at 125% of

the federal poverty line for a household of one, which equals $13,396.59. The difference between plaintiff's income and defendant's support obligation was $1,396.50.

Defendants maintain that they have fully and voluntarily complied with their maximum 2012 obligation to plaintiff without need for the Court to consider whether that obligation midge be reduced by other income or by plaintiff's failure to mitigate his damages.

**B. Plaintiff's Response**

In his motion for summary judgment, plaintiff argues that it is clear that defendants have breached their contract because they did not provide any support and his income has been below 125% of the poverty level. Plaintiff maintains that he was entitled to receive maintenance beginning January 21, 2012, the date he lost his employment. Plaintiff argues he should not have been forced to wait a year for his claim to be ripe. Plaintiff seeks an order directing defendants to provide him with maintenance on a monthly basis until the contract ends.

Plaintiff also argues that unemployment insurance benefits do not reduce defendants' obligation because these benefits are not wages and he earned the benefits in 2010 and 2011. Wages earned by plaintiff in previous years cannot be used to offset defendants' 2012 support obligation.

**III. Summary Judgment**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). A party asserting the absence or presence of a genuine dispute must support that assertion by either "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party may object that the cited material "cannot be presented in a form that would be admissible in evidence," and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2); Fed. R. Civ. P. 56 advisory committee's note. If a party uses an affidavit or declaration to support or oppose a motion, such affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

While the court must consider the cited materials, it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). However, "[i]n considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Revis v. Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.*, 489 F.3d at 279–80 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

**IV. Discussion**

Under 8 U.S.C. § 1183a, immigrants who are likely to become a public charge are ineligible for admission into the United States unless their applications for admission are accompanied by an Affidavit of Support Form I-864. A person petitioning for the admission of a family-sponsored immigrant must sign a Form I-864 affidavit, which is a legally enforceable contract between the sponsor and the sponsored immigrant. By signing the affidavit, the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable. 8 U.S.C. § 1183a(a)(1)(A).[1]

---

[1] Section 1183a(a)(1) of title 8 of the United States Code states:

> No affidavit of support may be accepted by the Attorney General or by any consular officer to establish that an alien is not excludable as a public charge under section 1182(a)(4) of this title unless such affidavit is executed by a sponsor of the alien as a contract--
>
> (A) in which the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable;
>
> (B) that is legally enforceable against the sponsor by the sponsored alien, the Federal Government, any State (or any political subdivision of such State), or by any other entity that provides any means-tested public benefit (as defined in subsection (e) of this

To determine whether damages are appropriate, courts compare the plaintiff's annual income for the particular years at issue against the 125% poverty threshold for each particular year rather than the aggregate income for the entire period. Any wages earned by the plaintiff during the years in question will mitigate the defendants' obligation under the affidavit. *See Younis v. Farooqi*, 597 F. Supp. 2d 552, 556 (D. Md. 2009). The purpose of 8 U.S.C. § 1183a is to insure that the legal residents do not have to depend on public benefits for their support. 8 C.F.R. § 213a.2(c)(2). Plaintiff is entitled to be maintained at 125% of the federal poverty level, and no more.

Plaintiff failed to support his motion for summary judgment or his response in opposition to defendants' motion for summary judgment with any evidence creating an issue of material fact. The undisputed evidence before the Court demonstrates that plaintiff has been maintained at 125% of the federal poverty line for 2012. Plaintiff's last paystub shows his gross earnings in 2012 as $2,508.26. Doc. 40-7 at p. 23. Plaintiff also received unemployment compensation payments in 2012 totaling $10, 105.00. Doc. 65-4 & 65-5; Defendants' exhibits 4 & 5. Defendants provided the difference between his 2012 income and 125% of the federal poverty line after receiving his financial records.

---

section), consistent with the provisions of this section; and

(C) in which the sponsor agrees to submit to the jurisdiction of any Federal or State court for the purpose of actions brought under subsection (b)(2) of this section.

8 U.S.C. § 1183a

Plaintiff has not provided any evidence showing that defendants have breached their affidavit of support obligation for 2012.

Plaintiff maintains that his unemployment compensation benefits cannot be used to offset defendants' support obligations, but he does not provide any support for this assertion. Defendants argue that the Internal Revenue Service treats unemployment compensation as part of an individual's wages and such benefits are taxable income on the year the taxpayer receives the benefits. *See* http://www.irs.gov/taxtopics/tc418.html.

Plaintiff's request for an order of monthly maintenance is denied. Plaintiff's claim for financial support for 2013 is premature. The amount of money defendants may owe plaintiff, if any, is uncertain. Plaintiff continues to seek employment, and it is unclear how much income he will receive in 2013. If Nasir's income for 2013 exceeds the 125 percent level, defendants will have no support obligation. If Nasir's income falls below this level, defendants will be obligated to pay the difference.

**V. Conclusion**

Defendants Asfa Ahad Shah, Ahad Shah, and Ismat Arrus Shah's April 1, 2013 motion for summary judgment (doc. 65) is GRANTED and plaintiff Muhammad Nasir's April 1, 2013 motion for summary judgment (doc. 66) is DENIED. The Clerk of Court is DIRECTED to enter JUDGMENT for defendants Asfa Ahad Shah, Ahad Shah, and Ismat Arrus Shah.

s/ Mark R. Abel
United States Magistrate Judge